Madden, Judge,
delivered the opinion of the court:
Plaintiffs in their amended petitions filed January 27, 1989, claimed $5,767.21 as being due them under the terms of contracts with the defendant whereby plaintiffs agreed to furnish trucks, teams and men for work to be done as directed by the defendant. Plaintiffs agreed to pay the men hired by them certain rates of pay specified in the contract.
At the single hearing in the two cases before a commissioner of this court plaintiffs introduced in evidence to support their claims a pay-roll ledger and receipts purportedly signed by employees showing that plaintiffs had paid their employees the wages specified in the contracts. The defendant then presented as witnesses twenty-one of *86 the workmen who testified that they had not received the amounts shown by the ledger and receipts, but had been paid amounts substantially less.
After a part of this testimony for the defendant had been introduced plaintiffs on December 12, 1939, filed amendments to their petitions, in which plaintiff Mervin Contracting Company set forth as a second cause of action that it had furnished services to the defendant reasonably worth $4,851.57 and plaintiff Merola Brothers Construction Corporation set forth as a second cause of action that it had furnished services to the defendant reasonably worth $1,033.06. These services were the same services recited in the first cause of action in each petition.
The defendant on April 9, 1940, filed in each case a special plea and answer in fraud under section 172 of the Judicial Code, alleging that plaintiffs had “corruptly practiced or attempted to practice a fraud against the United States in the proof, statement, establishment, or allowance of the claim or a part thereof, in the instant case.”
Section 172 of the Judicial Code piovides as follows:
Any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance of any claim or of any part of any claim against the United States shall, ipso facto, forfeit the same to the Government; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced or attempted to be practiced, and thereupon to give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same. (U. S. Code, Title 28, sec. 279.)
We are convinced, as was the commissioner who heard the witnesses, that the pay-roll ledger and receipts were false, and that they were fraudulently offered at the hearing in an attempt to establish plaintiffs’ claims. Under the statute any rights which plaintiffs might have had in the absence of such an attempt became forfeited to the defendant. Both the first and second causes of action were for the same services, and the claims for those services were forfeited, regardless of the theory or form in which the claims *87 were asserted. The second. causes of action in guamium meruit are therefore no more enforceable than the first causes of action based on the express contracts. See Globe Indemnity Co. v. United States, 84 C. Cls. 587.
From the foregoing it follows that the defendant’s Pleas of Fraud must be sustained, and the court adjudges the claims made by the plaintiffs to be forfeited to the United States; it is so ordered. ...
JONES, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur. ' " ■
Whitakee, Judge, took no part in the decision of this case.